# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Tara "Z" Oliver
  Plaintiff

vs.

United Dairy Farmers, et al
  Defendants

Case No C-1-02-421

Judge Beckwith
(Magistrate Judge Hogan)

FILED
KENNETH J. MURPHY
CLERK
03 SEP 25 PM 4:21

(1.) No dispute of facts, yet dispute of responsibility to damages suffered to plaintiff.

Defendants admit the facts, yet deny the truth in those facts. Defendants admit there was a hostile enviornment at Store 69, yet deny the hostile enviornment created by defendants (Marler, Ernst) at Store 154. United Dairy Farmers, inc, choose to be in denial in regards to those facts.

Yes Mr. Harold was prematurely terminated while Ms. Darlene Marler, whom initially

(1.)

created a hostile enviornment, was affored a whole or entire year of reprieve from complaint brought against her and her sister phyllis (asst manager), whom were later both terminated. United Dairy Farmers Inc. has a two edge sword, one for Blacks and one for Whites!

There was a whole hour of investigation in regards to Mr. Harold Spivey (manager, 69 Black Male), yet a year long investigation upon Ms. Darlene Marler (manager, 154, White female). Plaintiff's initial complaint was brought to Human Resources (Alan Lertman) attention. Plaintiff was assured there would be an investigation in regards to Ms. Marler's misconduct. That investigation led to Plaintiff being segregated to Store 69 (all black), away from Store 154 (all white). Even after the fact that Ms. Marler (manager 154) was later found to be a habitual gambler and a thief!

United Dairy Farmers Inc. is in such a state of denial, that they continue to protect Ms. Marler (manager, 154),

(2.)

and will not let plaintiff have access e.g. an ability to depose Ms. Marler (manager 154) in regards to facts. United Dairy Farmers has not or will not allow plaintiff an opportunity to depose Ms. Marler (former manager, 154). The protection is unwarranted, undeserved and biased.

Mr. Lertzman (Human Resource Manager) heard Plaintiff's once and twice again complaint against Ms. Marler (former manager, 154) in regards to the scheduling. Had there been a real and thorough investigation into Ms. Marler and her actions, there would have been a causation for Ms. Marler's (former manager, 154) actions against Plaintiff and the blight of Plaintiff's suffering.

Management was fully aware of Ms. Marler's misconduct e.g. leaving work, while on the clock for the Argosy Boat, gambling habits, changing around numbers on paperwork on and on the deception was endless. The store became Plaintiff's responsibility, that is the primary reason that Plaintiff scaled back on hours.

(3.)

Unacceptable. Plaintiff was not willing to be misunderstood and used and not paid for her worth. Plaintiff was held accountable to higher standards and responsibilities compared to her counterparts whom were white.

Plaintiff was retailiated against because of the scale back in hours. "If Plaintiff wasn't willing to work more than 20 hours, Plaintiff was informed by Ms. Marler (former manager 154) and Phyllis (asst. manager, Ms. Marler's sister), that Plaintiff shouldn't work at all! United Dairy Farmers, Inc ~ the creative ones ~ final resolve was to transfer Plaintiff away from Store 154 (all white) to Store 69 (all black).

Plaintiff wasn't happy with this matter; however, Plaintiff was displaced (homeless) at that present time. Plaintiff needed to maintain job status, yet Plaintiff was encouraged by Mr. Ron Ernst (District supervisor) to quit or accept a substantial raise (Plaintiff never received) to help fix up Store 69. There was a lot of fixing needed at Store 69 to begin with "sexual harrassment" against Plaintiff and other female employees (witnesses).

(4.)

Plaintiff conceded and went to store 69 — considering the substantial raise) to fix up! Management was well aware of the problems that existed, they just sent Plaintiff's black face to fix it, when it was fixed they punished Plaintiff.

Plaintiff was unaware of the fire simmering at store 69, which she was manipulated to clean up. From the house (store 154), to the field (store 69), it was not FAIR! It was the transfer, filled with subliminal undertones.

Plaintiff opened (grand open) store 154, served Mr. Carl Lindner (former owner) his very first soft serve ice cream out of store 154.

Only substance being sold at store 69 was beer and black and milds (cigar). Insult, degredation and less responsibilities besides plaintiff moping floor on knees, at store 154 there was a different set of circumstances in regards to clientele or proprietors, at store 154 it was hopes and dreams at store 69 it was deprivation and suffering!

(5.)

Plaintiff did not choose this route. United Dairy Farmers, Inc created suffering for Plaintiff and her children.

United Dairy Farmers, Created an enviornment to Plaintiff that wasn't conducive to her success or survival. Plaintiff became a product of her enviornment that United Dairy Farmers, Inc and it's agents. created.

In regards to the EEDC (Equal Employment Opportunity Commission). There was never a thorough investigation by this commission. Plaintiff's interpetation of the dismissal was lack of resources. One would agree that it is impossible to investigate a situation, without the complainants compliance. Plaintiff was mentally distraught; Hence, Plaintiff wasn't available physically nor mentally.

(2) All the Plaintiff's Contententions suggest and the Facts support a sexually and racially hostile enviornment.

(6.)

(A.) United Dairy Farmers, Inc nor its agents dispute that their was a hostile enviornment within it's company an enviornment created by managment. However, it's only contention or denial is in regards to which store the hostile enviornment existed. To deny this, is to deny the facts. Plaintiff's argument isn't against her termination of June 23, 2000, Plaintiff's argument is against her wrongful termination of 2001 or somewhere there of.

The date has never been clear. In December of 2001 Plaintiff was offered 200.00 dollars over the phone through Mary. E. Mclain (mediator, EEOC) to severe all ties with United Dairy Farmers, Inc and drop the investigation with the EECC.

Plaintiff was offered this settlement by Mr. Alan Lertzman (Human Resource Manager) In the month of January 2002 Plaintiff called Mr. Ron Ernst (District Supervisor) and Mr. Alan Lertzman (Human Resource manager), to inform the Defendants that Plaintiff was prepared mentally to return to work

(7.)

Plaintiff was informed, that she had been terminated in October - wherever the truth lies - Plaintiff's argument is, if she was offered monies in December to quit, how was she terminated in October, it's contradictory!

(B) The only reason Plaintiff was given in regards to her transfer was that Ms. Marler (former manager, 154) and her sister Phyllis (assistant manager, 154, former) no longer was willing to work with Plaintiff, and that Plaintiff would be given a substantial raise, to move or transfer - sabotage, conspiracy and disenfranchisment.

(C) If race wasn't a factor in regards to Plaintiff's wrongful discharge, what was it? The answers are among United Dairy Farmer's Inc. and its agents. Plaintiff was afforded second chances but not equal protection under the law.

(D) Ms. Melinda Jackson (assistant manager, Black Female, Store 69) was aware of Mr. Harold Spivey's misconduct, before Plaintiff's arrival at Store 69. Ms. Jackson was stressed out in regards to this fact, she never took corrective action to

(8.)

to prevent harm to Plaintiff or other female employees. Mr. Spivey's behavior was tolerated before the taping of Mr. Spivey's misconduct. Ms. Jackson admitted in depositions on 4/23/03, that Mr. Spivey was sexually harassing employees also that she herself was discriminated against by United Dairy Farmers Inc. in her testimony. Ms. Jackson's testiomony (to be submitted) supports Plaintiff's charge of a racially hostile environment.

(E.) If Plaintiff is talking apples and oranges then United Dairy Farmer's Inc. is mixing peaches and plums by admitting damages yet denying responsibility in regards to Plaintiff's constitutional rights being violated. Defendants are biased in its hiring, discipline, and firing practices. On 4/23/03 Mr. Alan Lertzman informed Plaintiff of Mr. Spivey's (Black male 59) tenure 3 to 4 months. yet would not divulge that same information against Ms. Marler (white female 54), because of employees rights. why isn't Mr. Spivey (manager, 69) afforded that same protection

(9.)

(F.) Plaintiff's contention isn't that the paperwork never made it on time. Plaintiff's argument is that it was her understanding all along that she was on leave of abscence with Mr. Ron Ernst (District Supervisor) blessings.

Plaintiff's contention for one, is that if she was terminated in October 2001 why was she offered monies - which she refused - in December, 2001. It's contradictary.

Mr. Ernst informed Plaintiff of proper steps to take in accordance with an extended leave of abscence. After Plaintiff's initial Doctor's excuse from emergency room, the proper forms were submitted by Dr. Spadafora (private physician).

Plaintiff wasn't available mentally thereafter. Emergency room visits, hospital stays, psychotherapy, Plaintiff is presently in psychotherapy.

(3.) Conclusion

United Dairy Farmers, Inc. and its agents created untold suffering by Plaintiff

(10.)

and Plaintiff's children. Defendants admit damages yet deny responsibility; "Segregation" is illegal, "Discrimination" is damning and "Sexual Harrassment" is an all out affront on one's integrity and character. United Dairy Farmer's Inc. and It's agents tolerate and condone these hurtful enviornments, without any regards to the law and no until United Dairy Farmers, Inc is willing to not only admit damages but accept full responsibility in regards to these facts and bring about changes within it's company and managment, there should not be a Summary Judgment In favor of United Dairy Farmers, Inc. Justice must Prevail.

In Your Honors Court

Tara "Z" Oliver
6150 Bramble #17
Cincinnati, OH 45227

Certificate of Service

I certify that a copy of the foregoing motion was served by regular mail this 25th day of September 2003. On Defendants Counsel Jerry S Sailee 1900 Chemed Center 255 East Fifth Street, Cincinnati, OH 45202